IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION


JOANN P. COOPER,                    :

    Plaintiff,                  :

vs.                                  :        CA 10-0330-CB-C

ESCAMBIA COUNTY COMMISSION, :
et al.,
                                     :
    Defendants.

## **ORDER**

This cause is before the Court on the motion to terminate deposition of JoAnn Cooper (Doc. 50) and the response filed by Johnnie and Susanne Sirmon (Doc. 60). This order is entered pursuant to 28 U.S.C. § 636(b)(1)(A) and Local Rule 72.2(c)(1).

The Rule 16(b) scheduling order entered in this case on February 4, 2011 limited the duration of depositions to "seven (7) hours unless extended by agreement of the parties[]" (Doc. 27, at 3), consistent with Rule 30(d)(1) of the Federal Rules of Civil Procedure which provides that "[u]nless otherwise stipulated or ordered by the court, a deposition is limited to 1 day of 7 hours." *Id*.

It is clear to the undersigned that JoAnn Cooper was deposed for at least six hours on July 20, 2011 (*compare* Doc. 60, Deposition of JoAnn P. Cooper, at 1 (deposition

commenced at 9:03 a.m.) *with* Doc. 60, at 1 ("Because of the late hour, counsel for the Sirmons recessed Plaintiff's deposition by agreement with Plaintiff's counsel after only approximately 30 minutes of examination.") and Doc. 50, at 1 ("The deposition began at 9:00 a.m. and ended after 4:00 p.m. with a break for lunch.")), yet the Sirmons now want this Court to deny Cooper's motion to terminate deposition and specifically sanction the reconvention of Cooper's deposition (*see* Doc. 60) after the discovery deadline has expired and this Court has declined to extend that very deadline (*compare* Doc. 53 *with* Doc. 59). For their part, the Sirmons, prior to the close of discovery, never sought from this Court relief from the 7-hour limitation; however, they now contend that this Court should allow resumption of Cooper's deposition based upon an agreement with Cooper's attorney to recess the deposition and reconvene same at a later date. (*Compare* Doc. 60, at 1 *with* Doc. 60, Cooper depo., at 205 (transcription of a portion of the attorneys' agreement regarding recess and reconvention of the deposition).) The problem with this argument is that it is clear from the motion filed by Cooper that her attorney's agreement regarding reconvention of the deposition was tied to same occurring on July 25, 2011 (Doc. 50, at 1-2), a date, of course, prior to the close of discovery.

Upon consideration of the foregoing, this Court **DECLINES** to specifically and officially sanction the resumption of JoAnn Cooper's deposition after the close of

2

discovery based upon an agreement the terms of which are unclear and remain open to debate and argument. The undersigned, therefore, simply **MOOTS** the motion to terminate deposition (Doc. 50), as well as the response (Doc. 60). However, in line with a previous statement made in the order dated August 5, 2011 (*see* Doc. 59, at 8 n.3), the parties are reminded that they can take any discovery remaining in this case by consent. More specifically, the undersigned would venture the guess that Cooper's attorney would accommodate the Sirmons' request to reconvene Cooper's deposition following the depositions of Susanne Sirmon and certain Escambia County deponents.

    **DONE** and **ORDERED** this 12th day of August, 2011.

        s/WILLIAM E. CASSADY
    **UNITED STATES MAGISTRATE JUDGE**