IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| JOANN COOPER, | ) | |
| Appellant/Counter Plaintiff | ) | |
| v. | ) | CIVIL ACTION NO. 10-00330-CB-C |
| ESCAMBIA COUNTY COMMISSION, et al. | ) | |
| | ) | |
| Appellee/Counter Defendant, | ) | |
| | ) | |
| SUZANNE WOODS SIRMON and JOHNNIE SIRMON, | ) | |
| | ) | |
| Counter Defendants. | | |

## OPINION and ORDER

This action arises from a dispute over a one-lane dirt road in Escambia County, Alabama known as Christmas Tree Lane. After the Escambia County Commission ("the Commission") vacated the road, JoAnn Cooper, one of two adjacent landowners, appealed. Cooper removed her appeal to this Court and also asserted counterclaims against the Commission and the other adjacent property owners, Susanne Woods Sirmon and Johnnie Sirmon ("the Sirmons"). Both the Commission and the Sirmons have now filed motions seeking summary judgment as to Cooper's claims against them, and Cooper has responded to those motions. (Docs. 62, 64 & 69.) The issues raised in these motions are addressed below.

**Findings of Fact[1]**

---

[1] As the law requires, the facts, and all inferences arising from them, are viewed forth in the light most favorable to the non-moving party. *Merritt v. Dillard Paper Co.*, 120 F.3d 1181, 1182 (11th Cir. 1997). Moreover, the "facts" on which the Court's summary judgment order is
(Continued)

JoAnn Cooper and Susanne and Johnnie Sirmon own adjacent parcels of family land near the intersection of Smith Dairy Road and Woods Road in Escambia County, Alabama. Christmas Tree Lane runs across the Sirmons' property for about a quarter of a mile or less and ends at 236 Christmas Tree Lane. JoAnn Cooper owns the house and property located at 236 Christmas Tree Lane. The Sirmons and Cooper disagree over Cooper's right to use Christmas Tree Lane as a means of ingress and egress to and from her property.

*The History of Christmas Tree Lane*

Many decades ago, the land now owned by Cooper and the Sirmons was part of an 80-acre parcel of farm land owned by the father of Robert Woods, Sr. (Robert), who left the property to Robert with the understanding that he would transfer a portion of land to his brother, George Woods, Jr. (George). Robert conveyed to George a tract of approximately 40 acres, which fronted Woods Road. Robert retained a forty-acre tract that fronted both Woods Road and Smith Dairy Road.[2] In 1961, George transferred a one-acre parcel of his tract to Hazel and Robert Mason, his daughter and son-in-law. This one-acre parcel was landlocked, cut off from Woods Road to the west by George's property and from Smith Dairy Road to the south by Robert's property.[3] There was, however, a "pig trail" to Smith Dairy Road. Needing access to their property in order to build a house, the Masons turned the "pig trail" into a one-lane dirt

---

based are merely those presented by the parties thus far that are relevant to the issues presented. These, of course, may not be the actual facts adduced at trial. *Id.*

[2] JoAnn Cooper is the granddaughter of George. Susanne Sirmon is the granddaughter of Robert.

[3] At the time, a portion of George's property lay between the Mason's acre and Robert's property. That property has since been acquired by Cooper and is, therefore, immaterial to this discussion.

road. (Much later, this road was given the name Christmas Tree Lane.) The Masons did not obtain a written easement from Robert.

JoAnn Cooper's parents, Jack and Estelle Parker, purchased the Masons' house and one-acre parcel in 1962. At that time, the dirt road (i.e., Christmas Tree Lane) was the only means of access to the property. Over the next 20 years, the property was used primarily as rental property, and the tenants used Christmas Tree Lane for ingress and egress. In 1970, one of the tenants installed a water line from a water main on Smith Dairy Road, along Christmas Tree Lane, to the Parker's house. A county road grader was used to dig the trench and cover the pipe after it was installed, though the work was done by a private citizen. Over the years utility poles and lines were installed across Robert's property and along Christmas Tree Lane to supply electricity, telephone and other utilities to the Parker's house. In the mid-1980's, the dirt road was named Christmas Tree Lane for Escambia County 911 purposes. Thus the house built by the Masons and purchased by the Parkers acquired the address 236 Christmas Tree Lane.

### *Recent Events: Cooper, the Sirmons, Escambia County & Christmas Tree Lane*

In 1998 Cooper acquired the house and one-acre parcel of land from her mother. Cooper also acquired from her mother most of the 40-acre parcel that was originally owned by George Woods, Jr. Cooper, who lives in and is a citizen of Tennessee, built a house for herself on a parcel of property that fronts Woods Road and adjoins 236 Christmas Tree Lane. The address for this house is 531 Christmas Tree Lane, but the house is accessed from Woods Road (hereinafter "the Woods Road house"). Cooper's son, Shane, lives at 236 Christmas Tree Lane, and at times the Coopers have driven between the two houses. However, access from 236 Christmas Tree Lane to Woods Road is not possible in all types of weather nor is it available to all types of vehicles. In rainy weather, the ground becomes impassable for any vehicle. Even

when the ground is dry only certain types of vehicles can drive across the terrain, which is terraced. For example, the family is able to drive in a pickup truck but not in Cooper's minivan. Moreover, access to Woods Road from Christmas Tree Lane may be blocked for lengthy periods of time by construction on a gas pipeline utility easement which runs through Cooper's property.

In 2002, Susanne Sirmon, daughter of Robert Woods, Jr. and granddaughter of Robert Woods, Sr., acquired from her father the tract of land that includes Christmas Tree Lane from Smith Dairy Road to the Cooper property. Mrs. Sirmon deeded three acres to herself and her husband, Johnnie Sirmon, jointly. Christmas Tree Lane runs through the Sirmons' three acres, beginning at Smith Dairy Road and ending at 236 Christmas Tree Lane. In 2008, the Sirmons built a house on their property. The house is situated on Smith Dairy Road, to the west of Christmas Tree Lane. The Sirmons use Christmas Tree Lane to access a barn on their property, which also includes a rental apartment. Christmas Tree Lane is not used to access any residences, properties or businesses except the Sirmons' barn and Cooper's residence at 236 Christmas Tree Lane.

On occasion over the years, Escambia County performed maintenance work on Christmas Tree Lane. The County installed a street sign and also placed a stop sign at the intersection of Christmas Tree Lane and Smith Dairy Road. On May 24, 2010, the Commission held a hearing on the Sirmons' request to vacate Christmas Tree Lane as a public road. The Commission published notice of the hearing and also notified Cooper and the Sirmons by letter. Both Cooper and the Sirmons attended the hearing. By resolution dated May 24, 2010, the Escambia County Commission resolved that Christmas Tree Lane be "vacated and closed to traffic." In so doing, the Commission determined that Cooper had other reasonable means of ingress and egress to and from her property. Cooper appealed to the Circuit Court of Escambia County seeking to

overturn the County's resolution. Cooper subsequently added counterclaims against the County and against the Sirmons before removing the action to this Court based on diversity jurisdiction.[4]

**Cooper's Appeal and Counterclaims**

In her appeal, Cooper asserts that the County's resolution vacating Christmas Tree Lane should be held invalid for several reasons. Among those reasons set forth in the appeal are: (1) Christmas Tree Lane is not a public road and, therefore, Escambia County has no interest to vacate and (2) closing Christmas Tree Lane will deprive her of reasonable means of ingress and egress to 236 Christmas Tree Lane.

Cooper has also asserted counterclaims that include both a request for declaratory judgment as well as claims for damages. With regard to the parties' rights and interests in Christmas Tree Lane, Cooper seeks the following declarations:

- That Christmas Tree lane, has a width of 30 feet and/or extends beyond all existing utility lines;

- That Cooper owns the *entire* length of Christmas Tree Lane by adverse possession;

- That Cooper has an easement by prescription or an easement by necessity in Christmas Tree Lane across the Sirmons' property;

- That Ala. Code § 23-4-1 (1975), the statute empowering a County to vacate a public road, is unconstitutional;

- That the portion of Christmas Tree Lane that lies on the Sirmons' property is a public road and that this road cannot be vacated because Cooper has no other reasonable means of ingress and egress to her property;

---

[4] The Commission and the Sirmons filed a motion to remand, asserting that Cooper was the plaintiff and, therefore, had no right to remove. This Court denied the motion, concluding that the Commission, as the party seeking to change the status quo, should be considered the original plaintiff for removal purposes.

- That the entire length of Christmas Tree Lane is a public road that cannot be vacated because Cooper has no other reasonable means of ingress and egress to her property;

- That the Sirmons and the Commission are jointly and severally liable for damage to her property.

*See* Amended Counterclaims (Doc. 24).

In addition to the counterclaim for declaratory judgment (Count One), Cooper has asserted three counterclaims for damages against both the County and the Sirmons. Count Two is a claim for damage to the water lines running beside Christmas Tree Lane caused by erosion that allegedly resulted from separate acts of the Commission and the Sirmons. Count Three asserts a claim under 42 U.S.C. § 1983 against the Commission and the Sirmons for conspiracy to deprive Cooper of "private rights she had in Christmas Tree Lane." (Am. Countercls., Doc. 24, ¶ 7(g).) Count Four asserts a claim against both counterdefendants for abuse of process.

**Issues Raised on Summary Judgment**

The Commission and the Sirmons have different interests at stake; consequently, they raise different issues on summary judgment.[5] The Commission's summary judgment motion addresses several matters. Specifically, the Commission argues that it is entitled to summary judgment on the following: (1) Cooper's appeal of the resolution vacating Christmas Tree Lane, (2) Cooper's requested declaratory relief that Christmas Tree Lane is a public road,[6] and (3) Cooper's § 1983 claim against it.[7] The Sirmons' motion addresses only one counterclaim--the

---

[5] Moreover, neither counterdefendant seeks summary judgment on all claims.

[6] The Commission concedes that Christmas Tree Lane is not a public road.

[7] The Commission does not seek summary judgment on all counts. It does, however, move to remand the remaining claims to state court. The Commission's reasoning is that the counts that remain after summary judgment do not satisfy the amount-in-controversy requirement. That argument is without merit. *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, (Continued)

6

declaratory judgment. They argue that Plaintiff cannot prove that she has any property interest in Christmas Tree Lane. Below the Court addresses these issues by category of relief sought—first, the appeal; second, the declaratory judgment; and, finally, the § 1983 claim. Before turning to the substantive issues, it is important to review the standards that apply on summary judgment.

**Standard of Review**

Summary judgment should be granted only if "there is no issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The party seeking summary judgment bears "the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial." *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). Once the moving party has satisfied his responsibility, the burden shifts to the nonmoving party to show the existence of a genuine issue of material fact. *Id*. "If the nonmoving party fails to make 'a sufficient showing on an essential element of her case with respect to which she has the burden of proof,' the moving party is entitled to summary judgment." *United States v. Four Parcels of Real Property*, 941 F.2d 1428, 1437 (11th Cir. 1991) (quoting *Celotex Corp. v. Catrett,* 477 U.S. 317 (1986)) (footnote omitted). "In reviewing whether the nonmoving party has met its burden, the court must stop short of weighing the evidence and making credibility determinations of the truth of the matter. Instead, the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Tipton v. Bergrohr GMBH-Siegen*, 965 F.2d 994, 999 (11th Cir. 1992) (internal citations and quotations omitted).

**The Appeal**

---

303 U.S. 283, 293 (1938) (post-removal events that reduce the amount recoverable do not divest the court of jurisdiction). The motion to remand is **denied**.

Under Alabama law, any party affected by a county commission's decision to vacate a public street, alley or highway, may appeal "to the circuit court of the county in which the lands are situated and upon such appeal the proceedings shall be tried de novo." Ala. Code § 24-4-5 (1975). The appeal does not suspend the resolution unless the appellant obtains a stay by filing a court-approved bond, *id.*, which Cooper has done in this case. After the bond was approved, the matter was removed to this Court. Therefore, the resolution vacating Christmas Tree Lane is suspended pending the outcome of the appeal.

On appeal, the Commission has taken a position contrary to its own resolution. The Commission now agrees that Christmas Tree Lane is not a public road, and it seeks summary judgment on that issue as it pertains to the appeal. For reasons discussed below, the Court finds the evidence insufficient to establish that Christmas Tree Lane is a public road. *See discussion*, *infra,* at 8-10. Accordingly, the Commission is entitled to summary judgment on this issue.[8]

**The Declaratory Judgment**

In the declaratory judgment Cooper proceeds on alternative theories regarding the status of Christmas Tree Lane. First, she claims that she owns Christmas Tree Lane in its entirety by adverse position. Second, she asserts that she owns an easement—either by prescription or by necessity--through the Sirmons' property via Christmas Tree Lane. Alternatively, she asserts that Christmas Tree Lane is a public road and that she has no other reasonable means of ingress and egress to and from 236 Christmas Tree Lane.[9] As noted above, the Commission now

---

[8] Summary judgment on this issue does not, in itself, resolve the appeal. Technically, the resolution remains in effect, though suspended, pending the appeal.

[9] If Christmas Tree Lane is a public road, then the Sirmons could not deny Cooper access to it. If it is a public road that provides Cooper's "only reasonable and convenient means of ingress and egress," then the Commission cannot vacate the road without dedicating another road for Cooper's use. Ala. Code § 23-4-2(b) (1975).

challenges Cooper's ability to prove that Christmas Tree Lane is a public road. The Sirmons challenge Cooper's ability to establish a private property interest—whether by adverse possession, easement by prescription, or easement by necessity--in Christmas Tree Lane. Upon review of the summary judgment submissions, the Court finds no evidence from which a jury could conclude that Christmas Tree Lane is a public road. Nor is there evidence to support a claim of adverse possession. Cooper has, however, presented evidence sufficient to withstand the Sirmons' specific challenges to claims based on easement by prescription and easement by necessity.

### *Public Road*

At this point in the proceedings, no one can seriously contend that Christmas Tree Lane is a public road. Cooper asserted in her initial appeal that it is not a public road, and the Commission has now conceded that issue. Nevertheless, Cooper has reversed course or, more accurately, charted two conflicting courses. On summary judgment, she makes a feeble attempt to argue both sides of the public road/private road issue. While she notes "the overwhelming evidence that Christmas Tree Lane has never been a public road" (Cooper Summ. J. Rsp., Doc. 69, 11), Cooper insists that a jury could find that Christmas Tree Lane is a public road.[10] None of the evidence Cooper cites, however, satisfies the legal requirements for establishing a public road in Alabama.

Cooper points to four pieces of evidence —a "suggestion" that the property owners approached the County about building the road, the lack of a written easement, the presence of a street sign and the presence of utility lines According to Alabama law, a public road may be

---

[10] Put simply, Cooper insists that she is entitled to access one way or the other (i.e., public road or private ownership/easement).

established in one of three ways: (1) "by a regular proceeding for that purpose;" (2) "by a dedication of the road by the owner of the land it crosses and subsequent acceptance by the proper authorities;" or (3) "by virtue of its being generally used by the public for 20 years." *Auerbach v. Parker*, 544 So. 2d 943, 945 (Ala. 1989). Since Cooper's evidence does not address either the first or third method of establishing a public road, the Court must assume that her evidence is directed at the second method—dedication and acceptance. There is, however, no admissible evidence that the owner or owners of the land dedicated the road to the County. To use Cooper's artful phrasing, there is only a "suggestion" (i.e., inadmissible hearsay) that Robert Woods, Sr. and George Woods approached the County about building the road in the early 1960's.[11] In sum, based on the evidence presented, no reasonable factfinder could conclude that Christmas Tree Lane is a public road.

### *Adverse Possession*

Cooper contends that she alone owns the entire length of Christmas Tree Lane, from Smith Dairy Road to her own property, through adverse possession. The Sirmons argue that Cooper cannot prove one of the essential elements of this claim--exclusive possession. In Alabama, a party may obtain title to land through the common law device known as adverse possession by prescription.[12] "Adverse possession by prescription requires actual, *exclusive*, open, notorious, and hostile possession under a claim of right for a 20-year period." *Johnson v.*

---

[11] Robert Mason, the original owner of 236 Christmas Tree Lane, stated in his affidavit: "It was my understanding that George Woods, Jr. and Robert Woods, Sr. agreed to have the County build a driveway from Smith Dairy Road to our lot but I was not present for those conversations." (Mason Aff., Doc. 80, ¶ 17.) Even if the statement were admissible, persuading the County to build a private driveway is not the equivalent of dedicating that driveway to the County as public road.

[12] Alabama also has adopted a statutory form of adverse possession, Ala. Code § 6-5-200 (1975), but that is not the basis of Cooper's claim here.

*Coshatt*, 591 So.2d 483, 484 (Ala. 1991)(emphasis added) (quoting *Strickland v. Markos*, 566 So.2d 229, 232 (Ala. 1990)). Exclusive possession requires "evidence sufficient to show that [the claimant's] acts of dominion and control over the property were of such a character and distinction as would reasonably notify the landowner that an adverse claim [was] being asserted against his land." *Id*. It requires an *unequivocal* expression of sole ownership. *Id.* Cooper points to the presence of a fence along the side of Christmas Tree Lane <u>and</u> to the use of the road by Cooper and her predecessors-in-interest as evidence that satisfies the requirements of adverse possession. This evidence fails for several reasons. First, the mere presence of a fence proves nothing. It does not serve as an indication of possession because it does not exclude anyone from Christmas Tree Lane. Second, since there is no evidence that Cooper or any of her predecessors-in-interest built the fence, it cannot be viewed as their expression of ownership. Third, *use* of property, even over a long period of time, is insufficient to establish adverse *possession*. *Id.* Consequently, Cooper's adverse possession claim fails.

### *Easement by Prescription*

Both parties tend, at times, tend to conflate adverse possession and easement by prescription, which are related concepts. The Sirmons contend that Cooper's easement by prescription claim also fails because she has not exclusively *possessed* Christmas Tree Lane for the period of time necessary to establish an easement by prescription. Cooper contends that the *use* of Christmas Tree Lane by Cooper and her predecessors-in-interest for nearly fifty years establishes an easement by prescription. Easement by prescription (a/k/a prescriptive easement) requires proof of use, not possession. The Alabama Supreme Court defines easement by prescription as follows:

> "To establish an easement by prescription, the claimant must *use* the premises over which the easement is claimed for a period of twenty years or more,

11

> adversely to the owner of the premises, under claim of right, exclusive, continuous, and uninterrupted, with actual or presumptive knowledge of the owner. The presumption is that the use is permissive, and the claimant has the burden of proving that the use is adverse to the owner."

*Apley v. Tagert*, 584 So.2d 816, 818 (Ala. 1991) (emphasis added) (quoting *Bull v. Salsman*, 435 So.2d 27, 29 (Ala. 1983). Because Cooper has no duty to prove exclusive possession in order to succeed on her prescriptive easement claim, the Sirmons' *exclusive possession* challenge fails.

The Sirmons' argument, given a very generous interpretation, might also be read as a challenge to Cooper's ability to prove *exclusive use* of Christmas Tree Lane for the requisite time period. Even so interpreted, their prescriptive easement challenge would fail. Exclusive use in this context does not mean use to the exclusion of all others. As the *Apley* court explained, the term has a very limited meaning, that is, "it is not necessary that [the claimant] should have been the only one who used or was entitled to use [the land], so long as he used it under a claim of right independently of others." *Id.* (quoting *Belcher v. Belcher*, 284 Ala. 254, 224 So.2d 613 (Ala. 1969)). It is immaterial that others, including the owner, may use the easement. *Id.* As an example of the type of exclusive use sufficient for a prescriptive easement, the *Apley* court quoted with approval the following passage from a Maryland case:

> If a road led at its start only to the premises of the persons using it, such circumstance is sufficient to prove their use under a claim of exclusive right, in the absence of proof to the contrary. If a road, which was started in such a manner as to make the use adverse and exclusive, is afterwards enjoyed in common with the public, the use does not lose its exclusive character as the result of the joinder of the public therein.

*Id.* (quoting *Wilson v. Waters*, 192 Md. 221, 229, 64 A.2d 135, 138 (1949)). This case involves a similar situation. The Masons built Christmas Tree Lane across the land of Robert Woods, Sr., solely to provide access to the house on their property. The Masons and their successors-in-

interest have used the road for that purpose since 1961. That fact is sufficient to satisfy the "exclusive use" requirement.[13]

To summarize, the Sirmons have not pointed to any essential element of Cooper's prescriptive easement claim on which they are entitled to judgment as a matter of law. First, their argument that Cooper cannot prove "exclusive possession" is a non-starter because possession is not an element of a prescriptive easement claim. Even if the Sirmons intended to raise a challenge based on exclusive use, their claim fails. Cooper has pointed to sufficient evidence to satisfy that element as defined by Alabama law.

### *Easement by Necessity*

An easement by necessity is an easement created by implication to allow access to a parcel of land that would otherwise be landlocked. *Melton v. Harbor Pointe, LLC*, 57 So.3d 695, 703 (Ala. 2010). To obtain an easement by necessity, a claimant must prove, *inter alia*, that "the easement is reasonably necessary for the enjoyment of the land." *Id.* The Sirmons argue that an easement via Christmas Tree Lane is not reasonably necessary. As support, they point out that Cooper has other access to her property via a path from 236 Christmas Tree Lane to the driveway of her Woods Road house from which she can access Woods Road. Cooper counters this argument with evidence that the path between the two houses is not usable when the ground is wet. Even when the ground is dry only certain types of vehicles can drive on it. For all vehicles, the path is not sometimes blocked by construction on the pipeline easement. This

---

[13]Cooper has interpreted the Sirmons' argument also as a challenge to her ability to establish exclusive use *for the requisite twenty-year period* because she has not owned the property for twenty years. In the Court's opinion, this interpretation reads too much into the Sirmons' argument. Nonetheless, if that challenge has been raised, Cooper is correct that a claimant may rely on the actions of his predecessors-in-interest to satisfy the prescriptive period. *See, e.g.*, *Andrews v. Hatten*, 794 So. 2d 1184 (Ala. 2001) (relying on prior owners' use of road for more than twenty years over adjacent property to establish easement by prescription).

13

evidence creates a genuine dispute of material fact as to whether Cooper's use of Christmas Tree Lane is reasonably necessary for enjoyment of her property. Consequently, the Sirmons are not entitled to summary judgment with respect to Cooper's easement-by-necessity claim.[14]

**The Section 1983 Claim**

The Commission seeks summary judgment on Cooper's § 1983 claim (Count Three of the Amended Counterclaim) to the extent that claim is based on violations of either substantive due process or procedural due process. Cooper's procedural due process claim also fails for the simple reason that she received all the process she was due. "Procedural due process requires notice and an opportunity to be heard before any governmental deprivation of a property interest." *Zipperer v. City of Fort Myers*, 41 F.3d 619, 623 (11th Cir. 1995). Cooper received notice of the proposal to vacate Christmas Tree Lane. She, along with her son, attended the hearing, and both addressed the Commission regarding the proposed resolution.[15] No procedural due process violation has occurred.

Cooper has not addressed the substantive due process claim, which is alleged as part of a conspiracy theory. In her Supplemental Notice of Appeal, Cooper asserts that the County conspired with the Sirmons to vacate Christmas Tree Lane as a public road in violation of her substantive due process rights. The Commission argues that it is entitled to summary judgment because, *inter alia*, Cooper cannot prove the existence of any conspiracy. The essence of a

---

[14] Because the Sirmons' summary judgment motion challenged only Cooper's ability to prove the reasonable necessity element, the Court does not discuss to address the additional elements of proof required to succeed at trial on this claim.

[15] With respect to the procedural due process issue, Cooper points to the County's failure to notify other parties who were ostensibly entitled to notice under the statute. Even assuming, *arguendo*, that the Commission failed to provide notice to others, that omission does not and could not amount to a violation of Cooper's procedural due process rights.

§1983 conspiracy is an agreement or understanding between two or more parties to violate the victim's constitutional rights. *Dykes v. Hoseman*, 743 F.2d 1488, 1498 (11th Cir. 1984). The Court can find no evidence in the record that would demonstrate the existence of an agreement between the Sirmons and the Commission. For that reason, the Commission is entitled to summary judgment.

**Conclusion**

The motions for summary judgment are due to be denied, in part, and granted, in part. It is hereby **ORDERED** that:

- The Commission's motion for summary judgment is **GRANTED** on the following issue: Cooper is not entitled to a declaration that Christmas Tree Lane is a public road.

- The Commission's motion for summary judgment on Cooper's § 1983 claim against it (Count Three of the Amended Counterclaims) is **GRANTED**.

- The Sirmons' motion for summary judgment is **GRANTED** with respect to Cooper's adverse possession claim.

- The Sirmons' motion for summary judgment is **DENIED** with respect to Cooper's claims for declaration of an easement by prescription and/or an easement by necessity.

**DONE** this the 28th day of November, 2011.

> s/*Charles R. Butler, Jr.*
> **Senior United States District Judge**