IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| JOANN COOPER, | ) | |
| | ) | |
|     Appellant/Counter-Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION 10-0330-WS-C |
| | ) | |
| ESCAMBIA COUNTY COMMISSION, et al., | ) ) | |
| | ) | |
|     Appellee/Counter-Defendants. | ) | |

**ORDER**

In the joint pretrial document, the plaintiff preserved a claim of abuse of process. (Doc. 104 at 7).[1] The defendants preserved as a legal issue concerning this claim the assertion that abuse of process requires an abuse of *judicial* process and that the plaintiff's case does not implicate judicial process. (*Id*. at 7). The Court required the parties to submit trial briefs addressing this issue among others, (Doc. 110 at 2), and the parties have complied. (Doc. 118 at 10-14; Doc. 119 at 10-11; Doc. 121 at 8-9). The Court, pursuant to Rule 56(f), now considers whether the plaintiff's claim for abuse of process is insufficient as a matter of law.

---

[1] The plaintiff did not, however, preserve any right to seek damages under this claim. While she demanded $600,000 in damages for abuse of process in her amended complaint, (Doc. 24 at 14-15), the joint pretrial document identified only $4,620 in damages to be sought at trial, and those damages were expressly tied to physical damage to the roadway and adjoining water lines. (Doc. 104 at 13). As the parties were warned, the joint pretrial document, once adopted as part of the final pretrial order, "shall constitute the final statement of the … relief at issue." (Doc. 92, Attachment at 4). They were further warned that the final pretrial order "shall constitute the basis for any relief afforded by the Court." (*Id*. at 5). The final pretrial order does incorporate by reference the joint pretrial document and thus limits the available relief to that preserved in the latter document. (Doc. 110 at 2). Since the plaintiff could not be awarded damages even on a successful claim for abuse of process, it is unclear why she pursues the claim.

"[N]o Alabama case has directly addressed whether an administrative proceeding may give rise to an abuse-of-process claim …." *Haynes v. Coleman*, 30 So. 3d 420, 425 (Ala. Civ. App. 2009). As a federal court sitting in diversity with no definitive ruling by the relevant state's highest court, the Court must predict how that body would resolve the issue if presented to it. *E.g., Molinos Valle del Cibao v. Lama*, 633 F.3d 1330, 1348 (11th Cir. 2011). For several reasons, the Court predicts that the Alabama Supreme Court would not recognize a claim for abuse of administrative process.

First, the tort of abuse of process is also known as "abuse of legal process." *E.g., Dempsey v. Denman*, 442 So. 2d 63, 65 (Ala. 1983); *accord Preskitt v. Lyons*, 865 So. 2d 424, 428 (Ala. 2003). The Alabama Supreme Court, discussing an abuse-of-process claim, has noted that "legal process" for purposes of such a claim "has been defined in Black's Law Dictionary (6th ed. 1990) as 'a summons, writ, warrant, mandate, or other *process issuing from a court*.'" *Id*. at 430 (emphasis added). The *Preskitt* Court likewise listed "examples of legal processes for which an action will lie if the process is abused," and each of them involves process issued from a court. *Id*. at 430-31.[2] The Alabama Supreme Court, in reliance on *Preskitt*, has confirmed in another context that only documents issued by a court can constitute "process." *Ex parte Brooks*, 897 So. 2d 1017, 1019 n.1 (Ala. 2004).

As the plaintiff notes, these pronouncements are "not dispositive" (as the defendant in *Preskitt* caused no process of any kind to issue), but they provide clear evidence that the Alabama Supreme Court considers the tort to reach only abuse of judicial process. Indeed, Judge Moore has concluded that, "[i]n light of this language, … this court cannot expand an abuse-of-process claim to an administrative proceeding." *Haynes*, 30 So. 3d at 427 (Moore, J., concurring in the result in part and dissenting in part).

---

[2] These include recording a judgment, suing out execution, suing out attachment, causing an arrest, and levying an execution. *Id*.

Second, the recognized purpose of the abuse-of-process tort is to protect the integrity of the judicial system, and courts acknowledging this purpose unsurprisingly have refused to expand the tort to abuse of administrative process. *E.g., Moore v. Western Forge Corp.*, 192 P.3d 427, 438-39 (Colo. App. 2007); *Gordon v. Community First State Bank*, 587 N.W.2d 343, 353 (Neb. 1998); *Stolz v. Wong Communications, Ltd.*, 31 Cal. Rptr. 2d 229, 236 (Cal. App. 1994).  The Alabama Supreme Court likewise has noted that the tort of abuse of process exists to counter the "[i]nherent danger in any *judicial system* … that the court's powers might be made to serve the illegitimate ends of an individual." *C.C. & J., Inc. v. Hagood*, 711 So. 2d 947, 952 (Ala. 1998) (emphasis added) (plurality opinion).  Given this understanding of the tort's purpose, the state court is unlikely to expand the tort to the administrative context.

Third, and as Judge Moore noted, "[t]he vast majority of jurisdictions decline to recognize abuse of process in nonjudicial proceedings." *Moore*, 192 P.3d at 439; *accord Bloom v. Arnold*, 248 P.3d 752, 756-57 (Kan. App. 2011).  Rhode Island apparently is the only state to recognize a claim for abuse of administrative process. *Dobratz v. Krier*, 2011 WL 5867067 at *4 (Iowa App. 2011).[3]  The plaintiff has articulated, and the Court discerns, no reason to suspect the Alabama Supreme Court would embrace the most expansive tort of abuse of process in the nation.

Finally, it should be noted that several federal courts have expressed, albeit in dicta, their understanding that Alabama limits the tort to abuse of judicial process. *United States Steel, LLC v. Tieco, Inc.*, 261 F.3d 1275, 1291 (11th Cir. 2001); *Nolin v. Town of Springville*, 45 F. Supp. 2d 894, 913 (N.D. Ala. 1999), *rev'd in part on other grounds*, 207 F.3d 1253 (11th Cir. 2000).

---

[3] Even in Rhode Island, it is "only quasi-judicial contested administrative determinations or proceedings that establish the legal rights, duties, or privileges of a party after a hearing and that embody sufficient attributes of judicial proceedings" that can give rise to a non-judicial abuse of process. *Hillside Associates v. Stravato*, 642 A.2d 664, 669 (R.I. 1994).

For all these reasons, the Court concludes that the Alabama Supreme Court would not recognize a tort of abuse of process based on process not issued by a court in the context of judicial proceedings.

The plaintiff gamely proposes that, because the statutory procedure followed by the County Commission in vacating Christmas Tree Lane resulted in a resolution filed in Probate Court, which resolution was the "equivalent of a decree" and which placed on her the burden of appealing the Commission's decision to state court, the procedure is "not exactly administrative." (Doc. 119 at 10-11). Perhaps the Commission's proceedings eventually led to judicial proceedings, but they were not themselves judicial proceedings because they did not occur in court.[4] The plaintiff suggests that the resolution, at least once filed in Probate Court, "is the functional equivalent of a complaint." (Doc. 119 at 9). Assuming without deciding that this is a fair analogy, under *Preskitt* and *Brooks* a complaint cannot constitute "legal process" sufficient to support an abuse-of-process claim because it does not issue from a court.

The only "process" on which the plaintiff's claim is based are various notices issued by the Commission of its intent to hold a hearing and the Commission's eventual resolution following the hearing. (Doc. 119 at 8). These items constitute at best administrative process and, as a matter of law, will not support a claim for abuse of process.

For the reasons set forth above, the plaintiff's claim for abuse of process is **dismissed with prejudice**.[5]

---

[4] Assuming without deciding that the vacation procedure would satisfy *Hillside Associates*' view of a quasi-judicial administrative determination, the Court has concluded that the Alabama Supreme Court would not expand the tort of abuse of process to reach process not issued by an actual court.

[5] The plaintiff's motion in limine concerning judicial notice, (Doc. 112), which seeks to present evidence relevant only to her abuse-of-process claim, is **denied as moot**. Her motion in limine to exclude the minutes of the Commission's hearing, (Doc. 113), which the defendants (Continued)

DONE and ORDERED this 26th day of January, 2012.

                                              s/ WILLIAM H. STEELE
                                              CHIEF UNITED STATES DISTRICT JUDGE

---

admit are relevant only to the abuse-of-process claim and to a previously dismissed due process claim, (Doc. 117 at 3-4; Doc. 120 at 1), is **granted**.